UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AARON SIEGEL, JASON COOK, JOSEPH DELUCA, NICOLE CUOZZO, TIMOTHY VARGA, CHRISTOPHER STAMOS, KIM HENRY, AND ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., <br><br>  *Plaintiffs*, <br><br> v. <br><br> MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, <br><br>  *Defendants*. | Hon. Karen M. Williams, U.S.D.J. <br> Hon. Ann Marie Donio, U.S.M.J. <br><br> Docket No. 22-CV-7463 |
| RONALD KOONS; NICHOLAS GAUDIO; JEFFREY M. MULLER; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC.; COALITION OF NEW JERSEY FIREARM OWNERS; and NEW JERSEY SECOND AMENDMENT SOCIETY, <br><br>  *Plaintiffs*, <br><br> v. <br><br> WILLIAM REYNOLDS in his official capacity as the Prosecutor of Atlantic | Hon. Rene Marie Bumb, U.S.D.J. <br> Hon. Elizabeth A. Pascal, U.S.M.J. <br><br> Docket No. 22-CV-7464 |

County, New Jersey; GRACE C. MACAULAY in her official capacity as the Prosecutor of Camden County, New Jersey; ANNEMARIE TAGGART in her official capacity as the Prosecutor of Sussex County, New Jersey; MATTHEW J. PLATKIN, in his official capacity as Attorney General of the State of New Jersey; and PATRICK CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,

   *Defendants.*

---

### BRIEF IN SUPPORT OF STATE DEFENDANTS' EXPEDITED MOTION FOR CONSOLIDATION

---

                      MATTHEW J. PLATKIN
                      ATTORNEY GENERAL OF NEW JERSEY
                      R.J. Hughes Justice Complex
                      P.O. Box 080
                      Trenton, New Jersey 08625

Angela Cai (NJ Bar 121692014)
  *Deputy Solicitor General*
Samuel L. Rubinstein
  *Deputy Attorney General*
 Of Counsel And On The Brief

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................... i

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ..........................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................2

ARGUMENT .......................................................................................................6

   THESE CASES SHOULD BE CONSOLIDATED TO AVOID DUPLICATION OF RESOURCES AND RISK OF INCONSISTENT JUDGMENTS. .................6

CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.S. v. SmithKline Beecham Corp.*,
769 F.3d 204 (3d Cir. 2014) ........................................................................5, 6

*Barcelo v. Brown*,
78 F.R.D. 531 (D.P.R. 1978) ........................................................................6, 7

*In re Consolidated Parlodel Sec. Litig.*,
182 F.R.D. 441 (D.N.J. 1998) ......................................................................6, 7

*District of Columbia v. Heller*,
554 U.S. 570 (2008) ...........................................................................................2

*Jacobs v. Castillo*,
612 F. Supp. 2d 369 (S.D.N.Y. 2009) .................................................................6

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*,
149 F.R.D. 65 (D.N.J. 1993) ........................................................................5, 7

*New York State Rifle & Pistol Association v. Bruen*,
142 S. Ct. 2111 (2022) ...................................................................................1, 2

*United States v. Knauer*,
149 F.2d 519 (7th Cir. 1945), *aff'd*, 328 U.S. 654 (1946) ...................................5

*Vaccaro v. Moore-McCormack Lines, Inc.*,
64 F.R.D. 395 (S.D.N.Y. 1974) ..........................................................................6

**Statutes**

N.J.S.A. 2C:58-3 ................................................................................................2

N.J.S.A. 2C:58-4 ................................................................................................2

P.L. 2022 c.131, A4769/S3214 ...................................................................2, 3, 7

**Rules**

Federal Rule of Civil Procedure 42(a) ................................................................1, 5, 9

D.N.J. Local Civ. R. 42.1 ....................................................................................1, 5, 9

## PRELIMINARY STATEMENT

Defendants Matthew J. Platkin, Attorney General of New Jersey and Patrick Callahan, Superintendent of the New Jersey State Police ("State Defendants") seek an expedited order under Federal Rule of Civil Procedure 42(a) consolidating the above captioned actions. *See also* L. Civ. R. 42.1 (requiring such a motion to be filed "in the case bearing the earliest docket number"). Both actions, filed within hours of one another, challenge the enactment of P.L. 2022 c.131, A4769/S3214, signed into law by Governor Phil Murphy on December 22, 2022. This legislation makes necessary reforms to New Jersey's concealed carry permitting regime to conform to *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), and to ensure the safety of New Jerseyans as the availability of concealed carry permits expands across the state.

Immediate consolidation of these actions, filed in the same court and vicinage on the same day, both seeking emergency injunctive relief, is appropriate. The first-filed case, *Siegel v. Platkin*, No. 22-cv-7463, fully encompasses those claims made in the other, *Koons v. Reynolds*, No. 22-cv-7464. As such, both cases involve common questions of law and fact. Further, the Plaintiffs in each action consist of both firearms owners and advocacy groups, and are thus similarly situated. The Defendants in *Siegel*, the Attorney General and Superintendent of State Police, are also named in *Koons*, along with various county prosecutors, who fall under the

1

supervision of the Attorney General. Consolidation of these matters would economize the court's and the parties' resources and avoid the possibility of inconsistent judgments. There is no risk of prejudicing any party or claim.

Because both sets of Plaintiffs have indicated intent to seek emergency relief as early as today, and because responding to those applications separately would implicate the very concerns raised in this motion—duplication of resources, loss of judicial economy, and risk of inconsistent judgments, State Defendants respectfully request expedited consideration of this motion to consolidate.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 22, 2022, Governor Phil Murphy signed into law legislation addressing the concealed carry of firearms in New Jersey. Chapter 131 updates the concealed carry permitting requirements and disqualifiers in N.J.S.A. 2C:58-3 and -4, deletes the "justifiable need" standard invalidated in *Bruen*, and implements other safeguards to ensure that only "law abiding" citizens—the only group for whom Second Amendment protections extend—receive permits. *See* Chapter 131 §§ 2-3; *Bruen*, 142 S. Ct. at 2122; *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). That includes background checks, electronic fingerprinting, character references, and training courses—conditions like those endorsed in *Bruen* itself. *See Bruen*, 142 S. Ct. at 2138 n.9.

2

Additionally, the legislation enumerates a list of "sensitive places," as contemplated by both *Heller* and *Bruen*, where prohibitions on the carrying of firearms are deemed "settled" and historically supported. *Bruen* 142 S. Ct. at 2133; *see also Heller*, 554 U.S. at 626. The legislation also provides for how a concealed handgun is to be safely carried in public. *See* Chapter 131 §§ 3, 5. And it expands exemptions from certain requirements for current or retired law enforcement officers, prosecutors, or court personnel. *See id.* § 8.

Both the *Siegel* and *Koons* Plaintiffs filed suit within hours of the bill's enactment. *See Siegel*, No. 22-cv-7463; *Koons*, No. 22-cv-7464. The *Siegel* Plaintiffs challenge a broad swath of the new provisions, including the new permitting requirements and most of the sensitive places, as well as long-standing regulations that far pre-date enactment of the new legislation. This includes Sections 7(a)(6) (carrying within 100 feet of a permitted public gathering), Sections 7(a)(7)-(9) (schools, colleges, other educational facilities, child care facilities, nursery schools, as well as zoos), Section 7(a)(10) (parks, beaches, playgrounds), Section 7(a)(11) (youth sporting events), Section 7(a)(12) (libraries and museums), Section 7(a)(15) (places that serve alcohol), Section 7(a)(17) (entertainment venues including stadiums, racetracks, and arenas), Section 7(a)(18) (casinos), Section 7(a)(20) (airport or public transit hub), Sections 7(a)(21)-(22) (healthcare facilities, including those providing mental health or addiction treatment), Section 7(a)(23) (a

public location being used for movie or television filming), Section 7(a)(24) (private property, unless expressly permitted by the property owner). *See Seigel* Compl., Dkt. 1, at 47-50. They further challenge Section 7(b) of the new legislation, regarding safe storage of firearms in vehicles, and Section 4, requiring permit holders to obtain liability insurance to cover loss for bodily injury, death, or property damage related to ownership or use of their firearm. *Id.* at 51. They challenge the new permitting requirements and exemptions. *Id.* at 51-52.

The *Koons* Plaintiffs challenge a narrower subset of Chapter 131's provisions, all of which are also challenged by the *Siegel* Plaintiffs. Specifically, they challenge Sections 7(a)(12) (libraries and museums), (15) (places where alcohol is served), (17) (entertainment venues) and (24) (private property default rule), as well as the vehicle safe storage requirements of Section 7(b)(1). *See Koons* Compl. at 13. While the Koons Plaintiffs challenge these provisions only under the Second and Fourteenth Amendments, the *Siegel* Plaintiffs also challenge some of these provisions under the First Amendment, Due Process Clause, and the Equal Protection Clause. *See Siegel* Compl., Dkt. 1, at 48-58; *Koons* Compl. at 22. Both seek declaratory and injunctive relief. *Id.* In short, the *Siegel* Complaint fully encapsulates those claims made in the *Koons* Complaint.

Both suits are in preliminary stages and at an identical procedural posture. This morning, the *Siegel* Plaintiffs indicated to this Court an intent to file a motion

4

for a temporary restraining order and preliminary injunction, and this Court has set a scheduling order. *See Siegel*, Dkt. 4, 6 (Dec. 23, 2022). This afternoon, the *Koons* Plaintiffs similarly indicated intent to file a motion for a temporary restraining order and preliminary injunction and proposed a similar schedule to what this Court has already ordered in *Siegel*.[1]  *See Koons*, Dkt. 8 (Dec. 23, 2022).

The parties in each action are similarly situated. The *Siegel* Plaintiffs include individuals who wish to carry their firearms in places where concealed carry is prohibited, and a Second Amendment advocacy group, Association of New Jersey Rifle & Pistol Clubs, Inc. Likewise, the *Koons* plaintiffs are individuals who wish to carry in the prohibited places, and several Second Amendment interest groups, including the Firearms Policy Coalition, the Coalition of New Jersey Firearm Owners, and the New Jersey Second Amendment Society. Likewise, Defendants Matthew J. Platkin, Attorney General of New Jersey, and Patrick Callahan, Superintendent of New Jersey State Police, are named in each suit in their official capacities. The Koons complaint further lists various county prosecutors, who are subject to the supervision of the Attorney General.

---

[1] While State Defendants do not believe they have been served in *Koons* (and State offices were closed today for inclement weather), counsel received by e-mail a copy of the letter from the *Koons* Plaintiffs at 4:41 PM.

## ARGUMENT

### THESE CASES SHOULD BE CONSOLIDATED TO AVOID DUPLICATION OF RESOURCES AND RISK OF INCONSISTENT JUDGMENTS.

These cases should be consolidated under Federal Rule of Civil Procedure 42(a), which permits consolidation of actions that "involve a common question or law or fact." *See also* D.N.J. L. Civ. R. 42.1 (requiring such a motion to be filed "in the case bearing the earliest docket number"). Rule 42(a) gives courts "broad power to consolidate cases that share common question[s] of law or fact." *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (alteration in original) (internal quotation marks omitted). "Consolidation is appropriate to avoid unnecessary costs and/or delay, and to promote judicial economy." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80-81 (D.N.J. 1993) (internal citations omitted). Rule 42(a) "was designed and intended to encourage such consolidation where possible." *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *aff'd,* 328 U.S. 654 (1946).

Consolidation is also appropriate to mitigate "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *In re Consolidated Parlodel Sec. Litig.*, 182 F.R.D. 441,

444 (D.N.J. 1998). The rule "seeks to avoid overlapping duplication in motion practice, pretrial and trial procedures occasioned by competing counsel representing different Plaintiffs." *Barcelo v. Brown*, 78 F.R.D. 531, 536 (D.P.R. 1978). Consolidation is appropriate "even where certain defendants are named in only one of the complaints." *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009). Further, "[c]onsent of the parties is not required; rather it is the court's decision" whether consolidation serves the balance of interests. *Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 397 (S.D.N.Y. 1974).

Here, consolidation is appropriate because both cases arise out of the same facts and law. *See SmithKline Beecham*, 769 F.3d at 212. The first-filed case (*Siegel*) fully encompasses the claims raised in the second-filed complaint (*Koons*). While the Siegel Plaintiffs challenge numerous *other* provisions of Chapter 131, their Second Amendment claims as to Section 7(a)(12) (libraries and museums), (15) (places that serve alcohol and where alcohol is consumed on premises), (17) (entertainment facilities), (24) (private property default rule) and Section 7(b)(1) (vehicle regulations) are identical to the claims against these provisions advanced by the *Koons* Plaintiffs. The *Koons* Plaintiffs advance no other claims that the *Siegel* Plaintiffs do not allege.

Moreover, Plaintiffs in both cases are gun owners and firearm advocacy groups who have similar interest in challenging the law's restrictions. The cases are

likely to involve the same legal arguments and historical evidence under *Bruen's* history-based inquiry. Importantly, both sets of plaintiffs seek an TRO and PI against enforcement of the new law, and wish to proceed on a similar schedule. Consolidation will "avoid overlapping duplication in motion practice, pretrial and trial procedures," *Barcelo*, 78 F.R.D. at 536, especially since the cases are both at identical, nascent procedural stages. After all, because the *Siegel* claims encompass the *Koons* ones, many of the legal arguments would be virtually identical. Thus, the "the burden on the parties [and] witnesses," *In re Consolidated Parlodel Sec. Litig.*, 182 F.R.D. at 444, and on judicial resources, *Liberty Lincoln Mercury*, 149 F.R.D. at 80-81, will be reduced if the cases proceed together.

      Conversely, adjudicating the two matters separately would waste both parties' and the court's resources in briefing and evaluating nearly identical claims. Further, consolidation would avoid the risk that two courts could render inconsistent judgments on identical challenges to identical provisions, a result that would cause confusion amongst the parties and the public, and reduce confidence in the judicial system. In short, consolidation is likely to be convenient and efficient for all parties and the court without prejudicing any party or claim.

## CONCLUSION

The expedited motion for consolidation should be granted, and *Koons v. Reynolds*, No. 22-cv-07464, should be consolidated into *Siegel v. Platkin*, No. 22-cv-7463 pursuant to Fed. R. Civ. P. 42(a) and Local Rule 42.1.

          Respectfully submitted,

          MATTHEW J. PLATKIN
          ATTORNEY GENERAL OF NEW JERSEY
          R.J. Hughes Justice Complex
          P.O. Box 080
          Trenton, New Jersey 08625

          By: /s/ Angela Cai
          Deputy Solicitor General
          609-414-5954
          angela.cai@njoag.gov

Dated: December 23, 2022