UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON SIEGEL; <br><br> JASON COOK; <br><br> JOSEPH DELUCA; <br><br> NICOLE CUOZZO; <br><br> TIMOTHY VARGA; <br><br> CHRISTOPHER STAMOS; <br><br> KIM HENRY; *and* <br><br> ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, <br><br> PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, <br><br> *Defendants*. | Civil Action No. 1:22-cv-07463-KMW-AMD |

**ORDER GRANTING PRELIMINARY INJUNCTION**

THIS MATTER having been opened to the Court upon the application of Hartman & Winnicki, P.C., attorneys for Plaintiffs, for a preliminary injunction pursuant to L. Civ. R. 65.1 enjoining the operation and effect of certain portions of New Jersey Assembly Bill No. A4769 as

signed into law on December 22, 2022 ("A4769") and other provisions of New Jersey law; and the Court having considered the submissions of counsel; and for good cause having been shown;

IT IS on this ___ day of _____, 2022, **ORDERED AS FOLLOWS:**

1. Plaintiffs' Motion for a preliminary injunction is hereby granted in its entirety and without bond;

2. Until further order of this Court, Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing are preliminarily enjoined from enforcing the following provisions of law, and until further order of the Court the following provisions of law shall be of no force and effect:

   a) Any prohibition in A4769 Section 7(a) which prohibits the carry of a firearm in a place not listed in Section 7(a) but where carry of a firearm is prohibited in that place because the place is located on the same parcel of property as a place listed in Section 7(a);

   b) Any prohibition in N.J.S. 2C:39-5(e) which prohibits the carry of a firearm in a place not listed in N.J.S. 2C:39-(e) but where carry of a firearm is prohibited in that place because the place is located on the same parcel of property as a place listed in N.J.S. 2C:39-5(e);

   c) A4769 Section 7(a)(6);

   d) A4769 Section 7(a)(9) to the extent it prohibits carry of a firearm at a zoo;

   e) A4769 Section 7(a)(10);

   f) N.J.A.C. 7:2–2.17(b)

   g) A4769 Section 7(a)(11);

   h) A4769 Section 7(a)(12);

   i) A4769 Section 7(a)(15);

   j) A4769 Section 7(a)(17);

   k) A4769 Section 7(a)(18);

l) N.J.A.C. 13:69D–1.13

m) A4769 Section 7(a)(20), except to the extent it prohibits the carry of a firearm inside of Transportation Security Administration security checkpoints;

n) A4769 Section 7(a)(21);

o) A4769 Section 7(a)(22);

p) A4769 Section 7(a)(23);

q) A4769 Section 7(a)(24);

r) A4769 Section 7(a)(25) to the extent it conflicts with anything herein;

s) A4769 Section 7(b)(1);

t) N.J.A.C. 7:25–5.23(m);

u) N.J.A.C. 7:25–5.23(i);

v) N.J.A.C. 7:25–5.23(a), (c), and (f) to the extent they restrict the type of ammunition a person may possess while in the woods, fields, marshlands, or on the water, or while hunting various game;

w) N.J.A.C. 7:25–5.23(f)(5);

x) A4769 Section 4;

y) The fee increases in A4769 Sections 2 and 3;

z) N.J.S. 2C:58-3(c)(5);

aa) A4769 Section 2 where it modifies N.J.S. 2C:58-3 to the extent it establishes a new criterion to deny a permit where a person is "known in the community in which the person lives as someone who has engaged in acts or made statements suggesting the person is likely to engage in conduct, other than justified self-defense, that would pose a danger to self or others";

bb) That portion of N.J.S. 2C:58-4 which provides as follows:

> The chief police officer, or the superintendent, as the case may be, shall interview the applicant and the persons endorsing the application under subsection b. of this section, and shall make inquiry concerning, and

3

  investigate to the extent warranted, whether the applicant is likely to engage in conduct that would result in harm to the applicant or others, including, but not limited to, whether the applicant has any history of threats or acts of violence by the applicant directed toward self or others or any history of use, attempted use, or threatened use of physical force by the applicant against another person, or other incidents implicating the disqualifying criteria set forth in subsection c. of N.J.S.2C:58-3, including but not limited to determining whether the applicant has been subject to any recent arrests or criminal charges for disqualifying crimes or has been experiencing any mental health issues such as suicidal ideation or violent impulses, and the applicant's use of drugs or alcohol.

cc) That portion of N.J.S. 2C:58-4 which provides as follows:

  The application shall be signed by the applicant under oath, and shall be endorsed by not less than four reputable persons who are not related by blood or by law to the applicant and have known the applicant for at least three years preceding the date of application, and who shall certify thereon that the applicant has not engaged in any acts or made any statements that suggest the applicant is likely to engage in conduct, other than lawful self-defense, that would pose a danger to the applicant or others. The reputable persons also shall provide relevant information supporting the certification, including the nature and extent of their relationship with the applicant and information concerning their knowledge of the applicant's use of drugs or alcohol.

dd) That portion of N.J.S. 2C:58-4 which provides as follows:

  The chief police officer or the superintendent may require such other information from the applicant or any other person, including but not limited to publicly available statements posted or published online by the applicant, as the chief police officer or superintendent deems reasonably necessary to conduct the review of the application.

ee) A4769 Section 5(a)(5);

ff) N.J.S. 2C:39-6(a)(12);.

_____
KAREN M. WILLIAMS, U.S.D.J.