LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

December 28, 2022

**VIA ECF**
The Honorable Karen M. Williams
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re:    **Siegel, et al. v. Platkin, et al. 1:22-cv-07463-KMW-AMD**
            **Koons, et al. v. Reynolds, et al. 1:22-cv-07464-RMB-EAP**

**LETTER BRIEF IN OPPOSITION TO MOTION TO CONSOLIDATE**

Dear Judge Williams:

We represent the Plaintiffs in *Siegel, et al. v. Platkin, et al*. 1:22-cv-07463-KMW-AMD ("Siegel Plaintiffs").

We submit this letter in opposition to the motion of Attorney General Platkin and Superintendent Callahan ("State Defendants") to consolidate the above referenced matters.

We note, importantly ,that "The mere existence of common issues . . . does not require consolidation. . . . Specifically, the mere fact that two cases assert similar theories of recovery does not constitute a "common question of law" so as to warrant consolidation. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp*., 149 F.R.D. 65, 81 (D.N.J. 1993).

The Honorable Karen M. Williams
December 28, 2022
Page 2

The State Defendants rely entirely on the fact that the claims in *Koons* overlap with a small number of the claims in *Siegel*. But the *Koons* Plaintiffs are correct that the *Siegel* case is much broader than *Koons,* asserting many more claims based on more theories of liability. Further, none of the Plaintiffs overlap between *Siegel* and *Koons*, and the plaintiffs in *Koons* have sued several defendants not joined in *Siegel*.

Notably, the State Defendants will suffer no actual prejudice if consolidation is denied, as the claimed benefits of consolidation are illusory. First, to the extent that there is overlap between the claims in *Koons* and the claims in *Siegel*, the State Defendants' burden under *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) is the same. Therefore, they have no additional research or writing burden on the common issues of law. The historical demonstration they must make will be the same on the overlapping claims, and the research and writing on those issues could easily be ported into papers for the other. The additional burden to the State Defendants only arises from the *differences* between the cases, but that argues *against,* not in favor of, consolidation.

Second, any danger of inconsistent results is also illusory because these cases will almost certainly be appealed to the Third Circuit no matter what decisions are made in the District Court. These cases are brought and supported by the various Second Amendment organizational plaintiffs in each case because of the grave constitutional injustice wrought by the State through its outright defiance of the Supreme Court's decision in *Bruen*. Both cases are ultimately intended for the Third Circuit or the Supreme Court. If there should be inconsistent rulings in the two cases, they will swiftly be presented for the Third Circuit to address.

The Honorable Karen M. Williams
December 28, 2022
Page 2

      But even if, for some reason, they are not appealed contemporaneously with each other, that only further weighs against consolidation. If the cases each proceed at a different pace that would only confirm that denying consolidation will have been the correct decision.

      Ultimately, the disparate Plaintiffs in the two cases ought to be able to choose how they wish to litigate each of their separate cases, and it is each plaintiff group who will be prejudiced by consolidation.

      The *Siegel* Plaintiffs contend that the motion should be denied.

                                          Respectfully submitted,

                                          __s/ Daniel L. Schmutter__
                                          DANIEL L. SCHMUTTER

DLS/ars
cc:    Angela Cai, Esq.
        David Jensen, Esq.