


**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ  08625-0080

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

December 28, 2022

The Honorable Karen M. Williams, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

    Re:    *Siegel v. Platkin*, 22-cv-7463-KMW-AMD
            *Koons v. Reynolds*, 22-cv-7464-RMB-EAP

Dear Judge Williams,

    This office represents defendants Attorney General Matthew J. Platkin and Superintendent of New Jersey State Police Colonel Patrick J. Callahan ("State Defendants") in the above matters. Please accept this letter reply in support of the State Defendants' expedited motion to consolidate the above-listed matters. *See Siegel v. Platkin*, 22-cv-7463, Dkt. 7. State Defendants request expedited ruling on this fully-submitted motion prior to January 4, 2023, because as set forth below, problems of unnecessary duplication of resources and risk of inconsistent judgment are imminent.

    The submissions filed by the *Siegel* and *Koons* Plaintiffs, Dkts. 10, 11, only confirm that every factor in favor of consolidation exists here. *See* Fed. R. Civ. P. 42(a). ***First***, there is no question that both actions involve "a common question of law or fact." *Id.* It is undisputed that the full extent of the *Koons* Plaintiffs claims—challenging P.L. 2022, Chapter 131's Section 7(a)(12), (15), (17), (24), and (b)(1) under the Second and Fourteenth Amendments—are subsumed in the *Siegel* Plaintiffs' challenge. It is also



undisputed that the parties seek identical relief as to those provisions.[1] That the *Siegel* Plaintiffs challenge other aspects of Chapter 131 is of no moment, since Rule 42(a) does not require that the cases bring completely co-extensive claims. Nor does Rule 42(a) require exactly identical parties.

**Second**, Plaintiffs have no reasonable answer to the fact that consolidating these two cases will "avoid unnecessary costs and/or delay, and [] promote judicial economy." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80–81 (D.N.J. 1993) (internal citation omitted). The *Koons* Plaintiffs' suggestion that there is "no benefit to be gained from consolidation" is patently untrue. Dkt. 10, at 2. Indeed, the risk of unnecessary duplication is already imminent. Without consolidation, State Defendants will need to oppose both TROs at separate hearings in the span of three business days. In *Koons*, the parties are currently scheduled to appear at a hearing on Plaintiffs' TRO application on Thursday, January 5, 2023. *See Koons*, 22-cv-7464, Dkt. 13.[2] In *Siegel*, this Court has scheduled a hearing on Plaintiffs' TRO application on Monday, January 9, 2023. *See Siegel*, 22-cv-7463, Dkt. 6. Since the hearing in *Koons* will address claims that will already be addressed in the *Siegel* hearing, the prospect of duplication of party and judicial resources is definite.

Nor is this problem of resource duplication limited to the imminent duplicative TRO hearings. Without consolidation, witnesses who will testify as to the same facts would have to appear in separate proceedings at the preliminary injunction stage, at depositions, and at trial. Moreover, different judges would have to resolve identical legal arguments in dispositive motions, not to mention having to preside over identical discovery disputes and pro forma motions. Indeed, this case presents a hallmark example of why consolidation would favor judicial economy and conserve party resources: both cases are at identical, nascent procedural stages and will benefit from streamlined resolution for the duration of litigation before this Court.

**Third**, the risk of inconsistent judgments from two judges evaluating identical claims at the same time is obvious. *Siegel* Plaintiffs appear to acknowledge this problem, but insist that "these cases will almost certainly be appealed to the Third

---

[1] Indeed, although *Siegel* Plaintiffs do not seek a TRO as to some of their claims—including ones against Chapter 131's permitting and insurance provisions, they *do* seek TRO relief on the exact five provisions challenged by the *Koons* Plaintiffs, who also seek a TRO to enjoin those provisions. *See Siegel*, 22-cv-7463, Dkt. 8-10 Schmutter Decl. Ex. B; *Koons*, 22-cv-7464, Dkt. 9, Br. ISO TRO & PI.

[2] The *Koons* Court issued its scheduling order before notice of this motion to consolidate was docketed in that docket number. *See* 22-cv-7464, Dkt. 15 (letter informing *Koons* Court of expedited motion to consolidate).

Circuit no matter what decisions are made in the District Court." 22-cv-7463, Dkt. 11, at 2. But that is no answer at all. For one, such an argument would suggest—contrary to Rule 42(a)—that consolidation is *never* be appropriate, since *any* appealable decision could eventually be resolved by the court of appeals. For another, TRO decisions are not ordinarily appealable unless other factors are present. *See Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020).

***Finally***, nothing in Plaintiffs' submissions suggest that consolidation will visit prejudice on any party. While the *Siegel* Plaintiffs gesture at the idea that they "ought to be able to choose how they wish to litigate each of their separate cases," that mere desire is not prejudice. Dkt. 11, at 3. They have not even attempted to demonstrate "inconvenience, delay or expense that might result from simultaneous disposition of the separate actions"—the standard that is required to overcome the interests in consolidation. *Liberty Lincoln Mercury*, 149 F.R.D. at 81. That is because they cannot: consolidation will only save Plaintiffs time and expense of having to separately litigate identical motions and disputes, since much of the same duplication of resources that would prejudice State Defendants also apply to Plaintiffs. And as for the *Koons*' Plaintiffs' suggestion that "it will in all likelihood take much longer for the Court to resolve all of the myriad claims that *Siegel* presents," that is a purely speculative objection. (Moreover, the Court can always decide parts of the TRO before others). And any such hypothetical delay is "substantially outweighed by the benefits" of a single consolidated action as described above. *See, e.g.*, *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1310 (D. Del. 1981).

In short, "[n]ot only will resolution of separate actions waste time, energy and money but nothing has been presented to indicate that any inconvenience, delay or expense will result from simultaneous disposition." *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991). Given that Rule 42(a) "confers upon a district court broad power … to consolidate causes for trial as may facilitate the administration of justice," *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964), this Court should grant the expedited motion to consolidate the two cases.

Respectfully yours,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Angela Cai
Angela Cai
Deputy Solicitor General