# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON SIEGEL; <br><br> JASON COOK; <br><br> JOSEPH DELUCA; <br><br> NICOLE CUOZZO; <br><br> TIMOTHY VARGA; <br><br> CHRISTOPHER STAMOS; <br><br> KIM HENRY; *and* <br><br> ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., <br><br>     *Plaintiffs*, <br><br>   v. <br><br> MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, <br><br> PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, <br><br>     *Defendants*. | Civil Action No. 1:22-cv-7463-KMW-AMD <br><br> **CIVIL ACTION** <br><br> **(ELECTRONICALLY FILED)** |

**DECLARATION OF DANIEL L. SCHMUTTER IN SUPPORT OF PLAINTIFFS' MOTION TO FILE AN OVER LENGTH REPLY BRIEF**

1. I, Daniel L. Schmutter, am an attorney of the State of New Jersey and a member of Hartman & Winnicki, P.C., attorneys of record for Plaintiffs in the above-titled action. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto. I submit this certification in support of Plaintiffs' Motion to file a 29 page reply brief which is over the 15 page limit of L. Civ. R. 7.2(b).

2. This matter is a challenge to a brand new 38 page statute (and also pre-existing provisions of law) that effects sweeping changes to New Jersey's firearms laws. The new law is so sweeping in its impacts that the action includes 8 plaintiffs challenging more than 30 provisions of law. Moreover, this new statute violates at least four different provisions of the United States Constitution.

3. All of the foregoing require extensive briefing in order to properly and clearly present these issues to the Court on a motion for a temporary restraining order.

4. Further Defendants' brief in opposition was also over length at 50 pages. Moreover, Defendants' brief raised numerous standing issues in what, from a briefing perspective, is essentially equivalent to a motion to dismiss for lack of standing. In other word, Plaintiffs were required to oppose the equivalent of a motion to dismiss in a reply brief.

5. Finally, the burden shift required by the *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) methodology means that Defendants are presenting their proposed historical citations for the first time in their opposition brief, and Plaintiffs must therefore address each of them for the first time within the confines of a reply brief. This, combined with the foregoing, makes the 15 page limit for a normal reply brief extremely difficult to meet.

4. Given the foregoing, Plaintiffs respectfully request that the Court grant leave to file a 29 page reply brief in connection with their motion for a temporary restraining order.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States.


    s/ Daniel L .Schmutter          January 4, 2023
    Daniel L. Schmutter              Date