

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ  08625-0080

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

January 11, 2023

The Honorable Karen M. Williams, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

  Re: *Siegel v. Platkin*, 22-cv-7463-KMW-AMD

Dear Judge Williams,

  Please accept this letter reply brief on behalf of the State in response to Plaintiffs' supplemental brief. D.E. 26. This Court should deny Plaintiffs' TRO application and consolidate both *Siegel* and *Koons v. Reynolds*, 22-cv-7464-RMB-EAP, into this case, which bears the earlier-numbered docket.

  ***First***, this Court should deny Plaintiffs' TRO application. Plaintiffs' claims fail due to their lack of irreparable harm and standing and due to the defects on the merits of the claims—both the claims that were not addressed by *Koons*, and those that were.

  Strikingly, since the filing of yesterday's briefs, there has been another development of note: the U.S. Supreme Court decided not to disturb the Second Circuit's stay of a preliminary injunction in a case quite similar to this one. *See Antonyuk v. Nigrelli*, No. 22A557, 598 U.S. _, 2023 WL 150425, at *1 (Jan. 11, 2023) (Ex. A). In that case, the district court had preliminarily enjoined multiple provisions of a New York law analogous to Chapter 131. *Antonyuk v. Hochul*, No. 1:22-cv-0986 (GTS/CFH), __ F. Supp. 3d __, 2022 WL 16744700 (N.D.N.Y. Nov. 7, 2022).  As laid out in the TRO Opposition in this case, *see* D.E. 15, at 2, the fact that the Second Circuit has stayed similar preliminary injunctions—and, now, the fact that the Supreme Court has left the Second Circuit's stay in place—indicates that emergency invalidation of such laws is



not warranted while courts conduct their review of the issues. This development also provides another reason for this Court *not* to cite the now-stayed district court order in *Antonyuk*—a mistake both Plaintiffs and the *Koons* Court made.

Plaintiffs hope that this Court will not even inquire into the merits of the five claims at issue in *Koons*, and will simply issue restraints against the State based on a theory of collateral estoppel, but Plaintiffs' argument is foreclosed by precedent. It is blackletter law that "nonmutual offensive collateral estoppel simply does not apply against the government" to preclude re-litigation of public policy issues. *United States v. Mendoza*, 464 U.S. 154, 162 (1984); *see also, e.g.*, *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 531 (3d Cir. 2002) (while state commission could be estopped from relitigating issue against the *same* party it had previously lost the issue to, the State "remain[s] free to relitigate that issue with anyone else who hauls it into federal court"). This is because "[t]he conduct of government litigation . . . is sufficiently different from the conduct of private civil litigation . . . that what might otherwise be economy interests underlying a broad application of collateral estoppel are outweighed by the constraints which peculiarly affect the government." *Mendoza*, 464 U.S. at 162–63. Moreover, collateral estoppel only attaches to final judgments, *In re Bestwall LLC*, 47 F.4th 233, 243 (3d Cir. 2022), which a TRO is decidedly not.[1]

**Second**, this Court should consolidate this case and *Koons* into the first-filed docket. In the process, this Court should reject Plaintiffs' extraordinary request that this Court depart from the Rules and precedent of this District and consolidate this, the first-filed matter, into the *Koons* docket.

Plaintiffs' supplemental brief reflects a seismic shift. Plaintiffs previously opposed consolidation of this case and *Koons*, notwithstanding that all the traditional consolidation factors already supported it. *See Siegel* D.E. 11; *Koons* D.E. 16. Now, Plaintiffs support consolidation, but only if it is into their preferred docket. *See* D.E. 26, at 5 (insisting *Koons* should not be consolidated into *Siegel*); 8 (insisting *Siegel* must be consolidated into *Koons*).

---

[1] In support of Plaintiffs' dubious contention that a TRO is a final judgment, Plaintiffs rely on a footnote in *Burlington N. R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227 (3d Cir. 1995). There, the Third Circuit determined that denial of summary judgment was "sufficiently firm" to have preclusive effect. *Id.* at 1233 n.8. That is a far cry from a TRO, which expressly contemplates re-litigation for a preliminary injunction and then again on the merits. *See, e.g.*, *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (noting "essential purpose" of a TRO is "preservation of the status quo while the merits of the cause are explored") (quotation omitted); *Fund for Animals v. Mainella*, 335 F. Supp. 2d 19, 22, 27 (D.D.C. 2004) (determining preliminary injunction order "will have no preclusive effect on the parties in future litigation").

This Court's Local Civil Rules and an established body of practice foreclose such gamesmanship. Plaintiffs admit, as they must, that Local Civil Rule 42.1 assigns to this Court—"the case[] bearing the earliest docket number"—the decision whether to consolidate. But, Plaintiffs say, there is a loophole in the Rule: it does not say which judge receives the consolidated case. *See* D.E. 26, at 9. Plaintiffs are simply overlooking Local Civil Rule 40.1(c), which provides that "[w]hen a civil action . . . grows out of the same transaction as any case already or previously pending in this Court . . . [counsel] shall at the time of filing the action inform the Clerk of such fact. *Whenever possible, such action shall be assigned to the same Judge to whom the pending or previously related action is or was assigned.*" (emphasis added.) Should counsel object, "reallocation or reassignment of any case" would only take place "upon order of the Chief Judge." L. Civ. R. 40.1(d)-(e).

As Chief Judge Wolfson has explained, this establishes the proper course of affairs: the Judge in the earlier-numbered docket receives the consolidation motion, decides the motion, and if consolidation occurs, retains the cases. *See Cty. of Ocean v. Grewal*, No. 19-cv-18083, D.E. 11, at 2 (D.N.J. Nov. 7, 2019) (Ex. B) (in overlapping but not identical challenges, finding that "because both [matters] challenge [the same State action] . . . they are related under the definition of L. Civ. R. 40.1(c); accordingly, both matters shall be assigned to this Court, as this Court has the earlier filed action."). Despite the plaintiffs' opposition to consolidation, the *Ocean* Court found consolidation proper on a similar posture. *Id.* The Court ultimately resolved the cases in a single opinion on the merits. *See* 475 F. Supp. 3d 355 (D.N.J. 2020).

Indeed, the grant of consolidation of cases before different judges consistently places the consolidated cases in the earlier-numbered docket. *See, e.g.*, *BRG Harrison Lofts Urban Renewal v. Gen. Elec. Co.*, No. 16-6577, 2017 WL 2992733 (D.N.J. July 14, 2017); *Borough of Edgewater v. Waterside Constr.*, No. 14-5060, 2017 WL 1758062 (D.N.J. May 3, 2017); *Nationwide Ambulance Servs. v. SafeGuard Servs.*, No. 11-5213, 2012 WL 3647406 (D.N.J. Aug. 22, 2012); *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171 (D.N.J. 2008); *Amgro, Inc. v. Lincoln Gen. Ins.*, No. 06-472, 2007 WL 9703181 (D.N.J. Jan. 23, 2007). Importantly, that is so even where some action has already been taken in the second-filed matter, including where a TRO has been granted in the second-filed suit. *See 7-Eleven, Inc. v. Sodhi*, No. 13-3715 (D.N.J.) (docket showing consolidation for discovery of later-filed case ("Sodhi Action," No. 13-3715) into earlier-filed cases ("Younes and Naik Actions," Nos. 13-3500, 13-4578), D.E. 93, after a TRO was granted in the later-filed case, D.E. 16); *Baker*

*v. Ricci*, 09-cv-3710 (D.N.J.) (consolidation of second-filed case into first-filed case, D.E. 86, even after PI denied in later-filed case, D.E. 31).[2]

Adherence to such neutral case assignment rules serves important values. As one court put it, "[s]crupulous adherence" to the rules governing judicial assignment "is important 'to avoid any appearance of judge-shopping or favoritism in assignments and to assure the public that cases were assigned on an impartial and neutral basis.'" *Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019) (discussing rule analogous to D.N.J. Local Civil Rule 40.1(c)); *see also Access Now v. Allen Edmonds Corp.*, No. 17-959, 2017 WL 4023258, at *3 (M.D. Pa. Sept. 13, 2017) (explaining that rule analogous to Local Civil Rule 40.1(c) rejects efforts by "a party to have a case heard before a particular judge" through manipulation of assignments, "and regardless of the party's 'actual motivation' in seeking to have the cases deemed related, to grant its motion 'would in the Court's judgment create an impermissible appearance of authorizing Judge shopping'"). That is no surprise given that attempts to manipulate assignment to favored judges are "universally condemned," *United States v. Phillips*, 59 F. Supp. 2d 1178, 1180 (D. Utah 1999) (collecting cases and literature), and recognized "to constitute a disruption of the orderly administration of justice," *In re Bell South*, 334 F.3d 941, 959 (11th Cir. 2003); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 168 (3d Cir. 2004) (same).

The State pursued consolidation from the very beginning of this (first-filed) case, just as it does regularly in overlapping cases challenging its laws. The State made its motion without information as to how any given judge would rule, which hearing would take place first, or which judge would rule first. And the State requests to have the case placed in the earlier-numbered docket based exclusively on established neutral rules on which it regularly relies. Plaintiffs unfortunately cannot say the same. This Court should follow longstanding practice and procedure here.

This Court should deny Plaintiffs' TRO application and consolidate the two cases in the earlier-numbered docket.

---

[2] Plaintiffs also rely on faulty assertions in arguing that consolidation serves judicial economy only if the cases are assigned to the *Koons* docket on the theory that the *Koons* Court expended more time. But this Court likewise indicated that it reviewed the TRO materials submitted by the parties and will do so in preparation for tomorrow's hearing, and in any event, Plaintiffs' argument would mean all the cases cited above are wrong. And Plaintiffs also attempt to suggest the particular judge in *Koons* is better equipped to handle Second Amendment cases based on her experience with *Mazahreh v. Platkin*, No. 20-17598. But even were a judge's experience somehow relevant, all that happened in *Mazahreh* was the parties' decision to file a *consent agreement* to resolve the matter challenging a provision not at issue here, which the court then signed.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/  Angela Cai
      Angela Cai
      Deputy Solicitor General

cc:   Daniel L. Schmutter, Esq.

Exhibit A

Cite as: 598 U. S. ____ (2023)          1

Statement of ALITO, J.

# SUPREME COURT OF THE UNITED STATES

_____

No. 22A557

_____

IVAN ANTONYUK, ET AL. *v.* STEVEN NIGRELLI, IN HIS
OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF
NEW YORK STATE POLICE, ET AL.

ON APPLICATION TO VACATE STAY

[January 11, 2023]

The application to vacate stay presented to JUSTICE
SOTOMAYOR and by her referred to the Court is denied.

Statement of JUSTICE ALITO, with whom JUSTICE
THOMAS joins, respecting the denial of the application to
vacate stay.

The New York law at issue in this application presents
novel and serious questions under both the First and the
Second Amendments. The District Court found, in a thor-
ough opinion, that the applicants were likely to succeed on
a number of their claims, and it issued a preliminary in-
junction as to twelve provisions of the challenged law. With
one exception, the Second Circuit issued a stay of the in-
junction in full, and in doing so did not provide any expla-
nation for its ruling. App. to Emergency Application 2. In
parallel cases presenting related issues, the Second Circuit
has likewise issued unreasoned summary stay orders, but
in those cases it has ordered expedited briefing. See, *e.g.,*
Order in *Hardaway* v. *Nigrelli*, No. 22–2933 (CA2, Dec. 7,
2022), ECF Doc. 53; Order in *Christian* v. *Nigrelli*, No. 22–
2987 (CA2, Dec. 12, 2022), ECF Doc. 40.

I understand the Court's denial today to reflect respect
for the Second Circuit's procedures in managing its own
docket, rather than expressing any view on the merits of

2                   ANTONYUK *v.* NIGRELLI

Statement of ALITO, J.

the case.  Applicants should not be deterred by today's order from again seeking relief if the Second Circuit does not, within a reasonable time, provide an explanation for its stay order or expedite consideration of the appeal.

Exhibit B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| COUNTY OF OCEAN, BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF OCEAN, | Civil Action No.:3:19-18083(FLW) |
| Plaintiffs, | |
| v. | **ORDER** |
| GURBIR S. GREWAL, in his official capacity as Attorney General of the State of New Jersey, *et al.*, | |
| Defendants. | |
| ROBERT A. NOLAN, in his official capacity as Cape May County Sheriff, and CAPE MAY COUNTY, | Civil Action No.:1:19-18929(RMB) |
| Plaintiffs, | |
| v. | |
| GURBIR S. GREWAL, in his official capacity as Attorney General of the State of New Jersey, *et al.*, | |
| Defendants. | |

**THIS MATTER** having been opened to the Court by Daniel M. Vannella, Esq., counsel for defendants Gurbir S. Grewal, Attorney General, Office of the Attorney General of the State of New Jersey, Department of Law and Public Safety, Division of Criminal Justice (collectively, "State Defendants"), on a motion to consolidate Civ. Action No.:3:19-18083(FLW)("Trenton Matter" and Civ. Action No.:1:19-18929(RMB)("Camden Matter"), pursuant to L. Civ. R. 42.1;

it appearing that plaintiffs County of Ocean and the Board of Chosen Freeholders of the County of Ocean ("Plaintiffs") have opposed the motion; the Court makes the following findings:

1. L. Civ. R. 40.1(c) provides: "When a civil action: (1) relates to any property included in a case already pending in this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court, counsel shall at the time of filing the action inform the Clerk of such fact. Whenever possible, such action shall be assigned to the same Judge to whom the pending related action is assigned." Here, because both the Trenton and Camden Matters challenge, *inter alia*, Attorney General of the State of New Jersey's Directive No. 2018-6, they are related under the definition of L. Civ. R. 40.1(c); accordingly, both matters shall be assigned to this Court, as this Court has the earlier filed action.

2. Additionally, L. Civ. R. 42.1 provides that "a motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the cases bearing the earliest docket number. That motion shall be adjudicated by the Judge to whom that case is assigned." Additionally, Fed. R. Civ. P. 42(a) states: "When actions involving common questions of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *See Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 103 n.3 (3d Cir.1988) (consolidation is appropriate where there are actions involving common questions of law or fact); *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000) (same) (citations omitted); *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149

F.R.D. 65, 80 (D.N.J. 1993) ("Rule 42(a) gives the [D]istrict [C]ourt 'broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice.'"). Here, Plaintiffs' argument that the two actions assert different types of claims are of no moment, because the Trenton and Camden Matters challenge the identical directive from the Attorney General of the State of New Jersey. As such, the cases clearly involve common questions of law and fact, such that consolidation is appropriate.

The Court having consider the parties' submissions in connection with the Motion, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 7th day of November, 2019,

**ORDERED** that Defendants' motion to consolidate is **GRANTED**;

**ORDERED** that pursuant to L. Civ. R. 40.1(c), Civil Action No.:1:19-18929 is hereby transferred to the Trenton Vicinage; and it is further

**ORDERED** that pursuant to L. Civ. R. 42.1 and Fed. R. Civ. P. 42(a), Civil Action No.:1:19-18929, once transferred to Trenton Vicinage, is consolidated with Civ. Action No.:3:19-18083(FLW).

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

## CERTIFICATE OF SERVICE

I certify that on January 11, 2023, I electronically filed the foregoing Supplemental Reply Letter Brief with the Clerk of the United States District Court for the District of New Jersey. Counsel for all parties are registered CM/ECF users and will be served via CM/ECF.

By:   */s/Angela Cai*
      Angela Cai
      Deputy Solicitor General


Dated:  January 11, 2023