[Civil No. 22-7464, Docket Nos. 8, 72, 93, 96, 102, 109, 116]
[Civil No. 22-7463, Docket Nos. 8, 47]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RONALD KOONS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MATTHEW PLATKIN,<br>in his official capacity as Attorney General of the State of New Jersey, and<br>PATRICK CALLAHAN,<br>in his official capacity as Superintendent of the New Jersey State Police,<br><br>　　　　Defendants,<br><br>　and<br><br>NICHOLAS SCUTARI,<br>President of the New Jersey Senate, and<br>CRAIG COUGHLIN,<br>Speaker of the New Jersey Assembly,<br><br>　　　　Intervenors-Defendants. | Civil No. 22-7464 (RMB/AMD)<br><br>*Consolidated with*<br>*Civil No. 22-7463 (RMB/AMD)*<br><br><br>**ORDER** |

**BUMB, Chief District Judge**

　　**THIS MATTER** having come before the Court on Plaintiffs' Motions for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1 [Civil No. 22-7464 ("*Koons*"), Docket No. 8; Civil No. 22-7463 ("*Siegel*"), Docket No. 8]; and the Court having considered the submissions of the parties and their amici curiae; and for the reasons set forth in the accompanying Opinion of today's date; and for good cause shown,

　　**IT IS** on this **16th** day of **May 2023**, hereby

**ORDERED** that Plaintiffs' Motions for a Preliminary Injunction to enjoin N.J. Stat. Ann. § 2C:58-4.6(a)(6), (a)(9) (zoos only), (a)(10) (to include N.J. Admin. Code § 7:2-2.17(b), but excluding playgrounds), (a)(12), (a)(15), (a)(17), (a)(18) (to include N.J. Admin. Code § 69D-1.13), (a)(21) (only as to facilities set forth in Plaintiffs' declarations), (a)(23), (a)(24) (only as to private property that is held open to the public), *id.* § 2C:58-4.6(b)(1) (prohibition on functional firearms in vehicles), *id.* § 2C:58-4(c) (in-person interview requirement of carry permit applicant's character endorsers); *id.* §§ 2C:58-4(d)(4), 2C:58-4.3 (Insurance Mandate), and N.J. Admin. Code § 7:25-5.23(f)(5) (prohibition on functional firearms in vehicles) are **GRANTED;** and it is

**FURTHER ORDERED** that Defendants, as well as their officers, agents, servants, employees, and attorneys (and any other persons in active concert or participation with them) are **PRELIMINARILY ENJOINED** from enforcing N.J. Stat. Ann. § 2C:58-4.6(a)(6), (a)(9) (zoos only), (a)(10) (to include N.J. Admin. Code § 7:2-2.17(b), but excluding playgrounds), (a)(12), (a)(15), (a)(17), (a)(18) (to include N.J. Admin. Code § 69D-1.13), (a)(21) (only as to facilities set forth in Plaintiffs' declarations), (a)(23), (a)(24) (only as to private property that is held open to the public), *id.* § 2C:58-4.6(b)(1) (prohibition on functional firearms in vehicles), *id.* § 2C:58-4(c) (in-person interview requirement of carry permit applicant's character endorsers); *id.* §§ 2C:58-4(d)(4), 2C:58-4.3 (Insurance Mandate), and N.J. Admin. Code § 7:25-5.23(f)(5) (prohibition on functional firearms in vehicles); and it is

**FURTHER ORDERED** that Plaintiffs' Motions for a Preliminary Injunction to enjoin N.J. Stat. Ann. § 2C:58-4.6(a)(10) (playgrounds), (a)(11) (youth sports events), (a)(20) (airports and transportation hubs except as modified in the Opinion of today's date to permit the checking of a firearm as checked luggage prior to entry of an airport and dropping off or picking up passengers from an airport), and (a)(22) (health care facilities that provide

addiction or mental health treatment or support services), *id.* § 2C:39-6(a)(12) (exemption for judges, prosecutors, and attorneys general), *id.* § 2C:58-4.4(a)(5) (unjustified display of a handgun), and N.J. Admin. Code § 7:25-5.23(a), (c), (f), (i) and (m) (Fish and Game Restrictions) are **DENIED**; and it is

**FURTHER ORDERED** that *Siegel* Plaintiffs' First Amendment challenge to N.J. Stat. Ann. § 2C:58-4(b), (c)'s application requirements is **DISMISSED** without prejudice on standing grounds; and it is

**FURTHER ORDERED** that *Siegel* Plaintiffs' Motion for a Preliminary Injunction to enjoin Chapter 131's statutory disqualifiers (N.J. Stat. Ann. § 2C:58-3(c), (c)(5)), Chapter 131's "reputable persons endorsement" provision (N.J. Stat. Ann. § 2C:58-4(b)), Chapter 131's provision allowing licensing authorities to request "such other information" deemed reasonably necessary to review a concealed carry applicant's application (N.J. Stat. Ann. § 2C:58-4(c)) (as modified by the Court's Opinion), and the new fee schedule is **DENIED**; and it is

**FURTHER ORDERED** that *Siegel* Plaintiffs' challenge to N.J. Admin. Code § 7.25-5.23(i) is **DISMISSED** without prejudice on standing grounds; and it is

**FURTHER ORDERED** that Plaintiffs are **EXCUSED** from giving security; and it is

**FURTHER ORDERED** that Defendants' Motion for Leave to File an Overlength Brief pursuant to Local Civil Rule 7.2(b) [*Koons* Docket No. 72] is **GRANTED**; and it is

**FURTHER ORDERED** that the Motion of the Professors of Property Law for Leave to File a Brief as Amici Curiae [*Koons* Docket No. 93] is **GRANTED** and their amicus brief [*Koons* Docket No. 93-2] shall be deemed **FILED**; and it is

**FURTHER ORDERED** that the Motion of Brady for Leave to File a Brief as Amicus Curiae [*Koons* Docket No. 96; *Siegel* Docket No. 47] is **GRANTED** and its amicus brief [*Koons* Docket No. 96-1; *Siegel* Docket No. 47-1] shall be deemed **FILED**; and it is

**FURTHER ORDERED** that the *Siegel* Plaintiffs' Motion for Leave to file an Overlength Reply Brief pursuant to Local Civil Rule 7.2(b) [*Koons* Docket No. 102-2] is **GRANTED**; and it is

**FURTHER ORDERED** that the *Siegel* Plaintiffs' Motion for Leave to File a Supplemental Reply Letter Brief in Response to Supplemental Declaration of David Rebuck [*Koons* Docket No. 109] is **DENIED** as moot; and it is

**FURTHER ORDERED** that the *Siegel* Plaintiffs' Emergency Motion for Leave to File Supplemental Papers [*Koons* Docket No. 116] is **DENIED** as moot; and it is

**FINALLY ORDERED** that, to the extent the Court ruled that there are additional matters warranting discovery, the parties shall meet and confer and propose a scheduling order.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge